# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**DAVID AUSTIN,**                    :

      **Plaintiff**                    :

                            **CIVIL ACTION NO. 3:16-1567**

                         :

      **v.**                    :

                         :   **(JUDGE MANNION)**

**CHRISTINE NUGENT,**                    :

      **Defendant**                    :

## MEMORANDUM

On July 28, 2016, the defendant, Christine Nugent, filed a notice of removal in this court in response to a personal injury action filed against her by the plaintiff, David Austin, in the Court of Common Pleas of Pike County, Pennsylvania. Presently before the court are the defendant's motion to dismiss, (Doc. 6), the plaintiff's motion to remand, (Doc. 9), the plaintiff's motion to rescind and reconsider the August 5, 2016, Order and to strike the defendant's motion to dismiss, (Doc. 10), and the plaintiff's motion to stay proceedings, (Doc. 11). For reasons more fully discussed below, the court finds as follows: the plaintiff's motion to remand is **DENIED**; the plaintiff's motion to rescind and reconsider its August 5, 2016, Order and to strike the defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**;

the defendant's motion to dismiss is **DENIED**; and the plaintiff's motion to stay proceedings is **DENIED** as moot.[1]

## I.    BACKGROUND

On January 20, 2016, the plaintiff and the defendant were involved in a car accident on a public roadway in Dingham Township, Pike County, Pennsylvania. On July 6, 2016, the plaintiff filed a complaint against the defendant in the Court of Common Pleas of Pike County, (*See* Doc. 1, at Ex. A). The complaint contains one count alleging negligence and carelessness on the part of the defendant in operating her vehicle, (*Id.* at ¶10–17). In two instances the complaint also alleges that the defendant acted "with reckless disregard for the safety of others" and with recklessness more generally, (*Id.* at ¶11(v), 17). The plaintiff's complaint specifically seeks compensatory costs for past medical care and property damage and costs for future medical care, (*Id.* at ¶16–17).

On July 28, 2016, the defendant removed the plaintiff's personal injury action from state court by filing a notice of removal in this court, (*See* Doc. 1). The notice of removal was premised on diversity, but the defendant did not

---

[1] The plaintiff has also requested a telephone conference with the court to discuss the motion to stay proceedings, (*See* Doc. 18). Having ruled on all the parties' motions in this memorandum and its accompanying order, the motion for a stay is now moot and the plaintiff's request for a conference is unnecessary.

plead that diversity existed at the time the plaintiff initiated the action in state court. Instead, the notice of removal provides that diversity "exists" because the plaintiff "is a citizen of Pennsylvania" and the defendant "is a citizen of New York" in the present tense alone, (*See* Doc. 1, at ¶6). The notice does not indicate the status of the parties at the time of the commencement of the action.

On August 5, 2016, the defendant responded to the plaintiff's complaint by filing the motion to dismiss now pending before the court. The motion to dismiss seeks dismissal of any claims of recklessness which might entitle the plaintiff to punitive damages. On August 5, 2016, the plaintiff filed a motion seeking entry of default, (*See* Doc. 5), because the defendant's responsive motion was filed one day late and, therefore, untimely. The court denied the plaintiff's motion for entry of default before the Clerk of Court could enter default, (*See* Doc. 8).

In response to the court's order denying entry of default, the plaintiff filed the remaining motions before the court, a motion to remand, a motion to rescind and reconsider the August 5, 2016, Order and to strike the defendant's motion to dismiss as untimely, and a motion to stay proceedings pending the outcome of the various motions before the court. The plaintiff did not respond to the defendant's initial motion to dismiss. However, the remaining motions have been fully briefed and all four motions are now ripe for resolution.

3

## II.    THE PLAINTIFF'S MOTIONS

### A.    The Plaintiff's Motion to Remand[2]

The plaintiff's motion to remand alleges that the court lack's subject-matter jurisdiction based on a defect in the defendant's notice of removal. Specifically, the plaintiff highlights that the notice of removal fails to state that diversity existed both at the time of removal and at the time of the filing of the complaint in state court. The court construes this as a technical defect not requiring dismissal and will grant the defendant leave to amend her notice of removal to cure the deficiency.

### I.    Legal Standard

Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." At all times this removal statute should be "strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Motions to remand may allege "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *Balazik v. County of*

---

[2] The court is required to address the jurisdictional issue in the plaintiff's motion to remand before turning to any substantive issues raised in the remaining motions. *In re Hechinger Inv. Co. of Del., Inc.*, 335 F.3d 243, 249 (3d Cir. 2003).

*Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). If the motion to remand is made on jurisdictional grounds, "[t]he party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Scanlin v. Utica First Ins. Co.*, 426 F. Supp. 2d 243, 246 (M.D. Pa. 2006) (quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005)). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). Similarly, the defendant is also required to establish that all procedural requirements for removal have been met. *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 555 (W.D. Pa. 2015).

        ii.   Discussion

The defendant's notice of removal was premised on diversity jurisdiction. Diversity actions are defined as civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000.00." 28 U.S.C. §1332(a). Complete diversity between all plaintiffs and all defendants must exist. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). For purposes of determining citizenship, "[a] natural person is deemed to be a citizen of the place where he is domiciled." *Id.* It is also hornbook law that "the jurisdiction of the court depends upon the state of

5

things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)). This "time-of-filing rule" requires that the facts giving rise to diversity jurisdiction exist at the time of the plaintiff's initial complaint, including the parties' citizenship status. *See id.*

If diversity exists, a defendant may remove the action by filing of a notice of removal within 30 days of the defendant's receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. §1446(a)–(b)(1). The notice of removal should contain "a short and plain statement of the grounds for removal." *Id.* §1446(a).[3] If the grounds are premised on diversity, the notice must allege diversity at the time of the commencement of the action and at the time of the notice filing. *Moser v. Bostitch Div. of Textron, Inc.*, 609 F. Supp. 917, 918–19 (W.D. Pa. 1985).

The plaintiff does not challenge removal based on the lack of diversity in fact. He alleges a technical defect in the notice of removal because it fails to state that diversity of citizenship existed both at the time of removal and at the time of the filing of the complaint. Thus, the plaintiff's motion does not

---

[3] The "short and plain" statement requirement was clearly borrowed from the pleading standard set forth in Federal Rule of Civil Procedure 8. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). Thus, in line with Rule 8, Congress intended to "simplify" the pleading requirement in the removal process and to "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Id.* (quoting H.R. Rep. No. 100–889, at 71 (1988)) (alteration in original).

allege a lack of actual subject-matter jurisdiction, nor does it allege a procedural defect in the removal process. Instead, the plaintiff has illuminated a pleading defect. Defendant's allegation of diversity of citizenship in her notice of removal appears deficient. It alleges that the parties are diverse in citizenship in the present tense alone and does not state the citizenship of the parties at the time of the initial filing of the complaint. However, this is a technical, not substantive, deficiency that can be cured.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts" to fix jurisdictional defects in a pleading. 28 U.S.C. §1653. "Section 1653 gives both district and appellate courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003). Although an amendment after the 30 day filing period may not allege new grounds for jurisdiction, it may be allowed to cure technical deficiencies. *See Kinney v. Columbia Savings & Loan Ass'n*, 191 U.S. 78, 83–84 (1903) (finding no error where the circuit court allowed the defendant to amend its notice of removal to include allegations of diversity at the time the suit was initially commenced); *Xia Zhao v. Skinner Engine Co.*, Civ. Action No. 11–7514, 2012 WL 1758145, at *2 (E.D. Pa. 2012) (finding amendment, not remand, more appropriate where there was a technical deficiency in the defendant's notice of removal); *Ellerbee v. Union Zinc, Inc.*, 881 F. Supp. 162, 164–65 (E.D. Pa. 1995) (same); *Stellwagon v. Chemlawn Serv. Corp.*, Civ. A. No. 92–6437,

1993 WL 9025 (E.D. Pa. Jan. 11, 1993) (granting defendant's motion to amend a notice of removal after the 30 day filing time-line where the notice merely alleged citizenship in the present tense and not at the time of the commencement of the suit); *Moser*, 609 F. Supp. at 918–19 (W.D. Pa. 1985) (same).

In her response to the plaintiff's motion to remand, the defendant has admitted to a grammatical error in the notice, but never affirmatively states that the plaintiff was a citizen of Pennsylvania and that she was a citizen of New Jersey at the time the initial complaint was filed in state court. Similarly, the plaintiff does not allege that he was not a citizen of Pennsylvania at that time. This is no more than a technical defect that can be cured. Like the many courts that have addressed this issue, this court finds that an amendment to the notice is most appropriate. The plaintiff will suffer no prejudice as a result as he has not argued any substantive deficiencies to the court's ability to hear the case. Thus, the defendant is granted leave to file an amended notice of removal curing the defective allegations. Failure to adequately amend, however, will result in a subsequent remand.

### B.    The Plaintiff's Motion to Rescind or Reconsider and to Strike

Next, the court addresses the plaintiff's motion to reconsider the court's August 5, 2016, Order and to strike the defendant's motion to dismiss as untimely. The plaintiff alleges that the court erred in entering the August 5, 2016, denying entry of default. The court agrees that it must reconsider its

order, but denies the plaintiff's request to strike the defendant's motion and allow the Clerk to enter default. This result will save the parties time and expense, avoiding the delay of unnecessary motions that would, eventually, place the parties in the same position they are in now.

### I.    Legal Standard

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration should be granted where there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Chesapeake Appalachia, L.L.C. v. Scott Petroleum*, LLC, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Generally, reconsideration motions should be granted sparingly. *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). "The standard for granting a motion for reconsideration is a stringent one . . . . [A] mere disagreement with the court does not translate into a clear error of law." *Chesapeake Appalachia, L.L.C.*, 73 F. Supp. 3d at 491 (quoting *Mpala v. Smith*, Civ. No. 3:CV-06-841, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007), aff'd, 241 F. App'x 3 (3d Cir. 2007)) (alteration in original).

ii. Discussion

The court agrees that it erred in its August 5, 2016 Order. The order was entered pursuant to Federal Rule of Civil Procedure 81(c)(2)(C). This rule provides the pleading time-line for civil actions removed from state court and provides that:

> A defendant who did not answer before removal must answer or present other defenses or objections . . . within the longest of . . . (A) 21 days after receiving -- through service or otherwise -- a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed.

If the defendant fails to respond within the time-line provided above, the plaintiff may seek entry of default and seek a default judgment using the two-step process provided by Federal Rule of Civil Procedure 55.

Rule 55(a) provides that when a defending party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." This first step, entry of default, is a ministerial step performed by the Clerk of Court, but the district court has inherent power to enter the default on its own. *Kollmann v. Transtech Airport Solutions, Inc.*, Civ. Action No. 08-797, 2011 WL 6020168, at *2 (W.D. Pa. Dec. 2, 2011) (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011)); *Rhino Assoc., L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652, 656 n. 5 (M.D. Pa. 2007). After default has been entered, a plaintiff may

then seek a default judgment to end the matter completely. *See* Fed. R. Civ. P 55(b).

Here, the plaintiff's complaint was filed in state court on July 6, 2016. The complaint was served on the defendant on July 9, 2016 by certified mail, return receipt requested pursuant to the Pennsylvania Rules of Civil Procedure. The notice of removal was filed on July 28, 2016. Not including the date of service or the date of filing,[4] the deadline for the defendant's filing under Rule 81(c)(2)(C) was the later of 21 days after service, August 1, 2016,[5] or seven days after the notice filing, August 4, 2016. The defendant's motion was, therefore, untimely having been filed on August 5, 2016, one day late. Thus, the court's August 5, 2016 Order was in error under the rules and the Clerk should have, appropriately, entered default if the court had not intervened.

Although the Clerk could have entered default had the court not intervened, the court must now consider if allowing default to proceed would be proper now that the defendant has responded and the issues have been briefed by both sides. The plaintiff argues that allowing the Clerk to enter default is now proper in light of the defendant's clear untimeliness. The defendant argues that the filing was timely because she did not receive

---

[4] *See* Fed. R. Civ. P 6(a)(1)(A).

[5] *See* Fed. R. Civ. P 6(a)(1)(C) (extending the period if the deadline falls on a Saturday, Sunday, or legal holiday).

notification that her notice of removal was received by the court until July 29, 2016, therein delaying the deadline by one day. In the alternative, the defendant argues that any delay was caused by the plaintiff's counsel who was contacted to provide concurrence or non-concurrence for the defendant's motion filing as required by local rules but never responded.

Having been presented with a motion to reconsider its order denying default, the court is now in an procedural position where the issues presented by an entry of default have now merged with the issues presented by a motion to set aside a default. *See* Broadwater v. Kalina, Cause No. 1:13-cv-309-RLY-DKL, 2013 WL 3353946, at *1 (S.D. Ind. July 3, 2013) ("[B]ecause the Court, not its Clerk, is addressing the present motion, the question of entry of default merges with the question a court usually addresses later: whether good cause exists to set aside an entry of default under Rule 55(c)"). Even though set aside issues are normally presented after default has been entered by the Clerk, the court addresses the matter now. The court finds that the defendant has asserted sufficient good cause that would justify setting aside default if the Clerk were to proceed. Thus, allowing the Clerk to enter default now would cause unnecessary delay.

Assuming the Clerk proceeds to enter default, Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause shown." The decision to set aside default is discretionary. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Generally, courts disfavor

defaults and any doubts should be resolved in favor of setting the default aside and reaching a decision on the merits. *Id.* at 194–95; *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). Courts should apply a standard of "liberality" and not one of "strictness" in deciding a typical motion to set aside a default. *Medunic v. Lederer*, 533 F.2d 891, 893–94 (3d Cir.1976) (citation omitted); *see also* *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Additionally, "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982).

The court must consider the following three factors in determining whether to set aside an entry of default: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff would be prejudiced; and (3) whether the default occurred as a result of the defendant's culpable conduct. *$55,518.05 in United States Currency*, 728 F.2d at 195; *PTD Enter., LLC v. Hospitality Trade Program, LLC*, Civ. Action No. 3:14-1860, 2015 WL 1893152, at *2 (M.D. Pa. 2015 April 24, 2015). Although the defendant has not asserted all her defenses at this early stage, the other two factors would weigh highly in favor of setting aside a default if one were to be entered.

"A meritorious defense exists if the alleged facts which, if established at trial, would completely bar plaintiff['s] recovery." *Jackson v. Delaware County*, 211 F.R.D. 282, 284 (E.D. Pa. 2002) (internal quotation marks and citations omitted). "The defaulting party is not required to prove beyond a shadow of a

13

doubt that they will win at trial, but merely to show that they have a defense to the action which at least has merit on its face." *Id.* (internal quotation marks and citations omitted). Here, the defendant has not filed an answer to the plaintiff's complaint and her motion to dismiss seeks dismissal of only part of the plaintiff's claims, those relating to recklessness and possible punitive damages. The court recognizes, however, that it addresses the issue in an awkward procedural posture; thus, the defendant has not been given an opportunity to assert all her defenses in a typical motion to set aside default. The court also recognizes that this is an ordinary negligence case which ordinarily does not involve unique or complex defenses.

Setting aside an entry of default prejudices a plaintiff where it results in "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Feliciano*, 691 F.2d at 657. Mere delay in realizing satisfaction on a claim rarely rises to the level of prejudice required to prevent setting aside default. *See id.* Here, there is no prejudice to the plaintiff in allowing the action to continue. The defendant's motion was one day late under the rules. The plaintiff was well aware that the defendant intended to defend the action. He was served with the defendant's notice of removal. In addition, the defendant asserts that, before the motion to dismiss was filed, her counsel contacted the plaintiff's counsel in order to obtain concurrence or non-concurrence in filing the motion. The defendant alleges

14

that the plaintiff's counsel never responded.[6] Under these circumstances, where the defendant party has made an appearance in the action and contacted opposing counsel indicating that a filing will be made soon, the court finds no prejudice in allowing the action to continue.

A defendant's conduct is culpable where the delay in answering was "willful or in bad faith." *Feliciano,* 691 F.2d at 657. More than mere negligence must be demonstrated. *Hurtz v. Woma Corp.,* 732 F.2d 1178, 1183 (3d Cir. 1984). Determining whether neglect is excusable is an "equitable" determination that "takes account of all relevant circumstances surrounding the party's omission." *In re O'Brien Envtl. Energy Inc.,* 188 F.3d 116, 125 (3d Cir. 1999) (citation omitted). The defendant's delayed filing does not indicate any culpable conduct. The defendant was incorrect in believing that the acceptance of the notice of filing by the court triggered the deadlines set by Rule 81 discussed above.

This does not rise to the requisite level of culpable conduct that would justify allowing default. Further, the parties' motions suggest that there has been miscommunication and confusion as to the local rules on both sides. For example, none of the parties' motions actually contain a certification of concurrence or non-concurrence required by Local Rule 7.1, despite the

---

[6] A certification of concurrence or non-concurrence is required when filing any motion in this court. *See* Local Rule 7.1.

15

defendant's allegation that she sought concurrence prior to filing her motion to dismiss.

The plaintiff is correct that the court erred when entering its August 5, 2016, Order but the court will not allow the Clerk to enter default, nor will it strike the defendant's motion to dismiss as untimely. Allowing this result would simply lead to additional motions and, eventually, place the parties in the same position they are in now. The court will vacate it's August 5, 2016, Order but will again deny the plaintiff's request for default and will allow the action to continue.

## III.    THE DEFENDANT'S MOTION TO DISMISS

Having decided that the court has jurisdiction over the matter and having denied the plaintiff's request to strike the defendant's motion, the court now turns to the defendant's motion to dismiss. The defendant's motion is before the court pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendant seeks to dismiss any allegation of recklessness and to strike any reference to recklessness in the complaint. Moreso, the defendant seeks to shield herself from punitive damages based on the plaintiff's allegations of reckless behavior. This is so even though the plaintiff has not requested punitive damages in his complaint. The defendant's request is premature at this early stage and the motion is denied.

## A.    Legal Standard

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. In reviewing such a motion, the court must "accept all factual allegations as true, construe the [c]omplaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the [c]omplaint, the plaintiff may be entitled to relief." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (internal quotation marks and citation omitted). It is the moving party that bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Dismissal on Rule 12(b)(6) grounds is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Id.* at 555. The plaintiff must be able to "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* "If it's beyond a doubt that the non-moving party can prove no set of facts in support of its allegations,

17

then a claim must be dismissed." *Young v. Westfall*, No. 4:06-CV-2325, 2007 WL 675182, \*1 (M.D. Pa. March 1, 2007)

### B.    Discussion

The defendant seeks to dismiss any allegation of recklessness and to strike any reference to recklessness in the plaintiff's complaint in accordance with Pennsylvania law.[7] However, the plaintiff's complaint only alleges one count, negligence. Reckless conduct is the factual characterization of the events that took place giving rise to the negligence action; it is not a claim in itself that the court can dismiss.

In reality, the defendant does not seek to dismiss the plaintiff's one count of negligence but to avoid the imposition of punitive damages based on the plaintiff's characterization of the car accident at issue. In order to state a claim for negligence under Pennsylvania law, a claimant must plead the following four elements: "(1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct of the protection of others against unreasonable risks; (2) defendant's failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; [and] (4) actual loss or damage resulting to the plaintiff." *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005). Punitive

---

[7] "A federal court sitting in diversity must apply state substantive law and federal procedural law." *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262 (3d Cir. 2011) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

damages are merely an element of damages in a negligence action. *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989) ("[N]o independent action exists for a claim of punitive damages since punitive damages is only an *element* of damages") (emphasis in original). It follows that punitive damages are "predicated upon the finding of liability." *Id.* Turning to the plaintiff's complaint, however, the plaintiff does not specifically seek punitive damages. The defendant, therefore, seeks dismissal of an element of a claim that is not even demanded. Thus, there is nothing to dismiss at this stage.

Furthermore, assuming the plaintiff had demanded punitive damages or that he will later seek punitive damages, the defendant misconstrues the standard under Rule 12(b)(6). The pleading standard set forth in *Twombly* solely requires that the plaintiff's claims be "plausible," not that they be proven in the complaint by sufficient facts as the defendant's motion would suggest. *See Twombly*, 550 U.S. at 547.[8] In Pennsylvania, punitive damages are available as a remedy for negligence actions. *See Hutchinson ex rel. Hutchinson v. Luddy*, 870 A.2d 766, 772–73 (Pa. 2005). This remedy is only available "in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." Id. at 770.

---

[8]  This notice pleading standard is unlike the standard under Pennsylvania law. Pennsylvania requires that a complaint be pled with sufficient material facts to support the claim. *See* Pa. R. Civ. P 1019(a); *Smith v. Brown*, 423 A.2d 743, 745 (Pa. Super. Ct. 1980).

The plaintiff's allegations of reckless, careless conduct and reckless disregard for the safety of others would be enough to state a "plausible" claim for punitive damages under Pennsylvania law. *Twombly*, 550 U.S. at 547. Other courts have reached the same result when faced with similar complaint allegations. *See Tucker v. Horn, Case No. 4:16-cv-0071, 2016 WL 4679018, at *3–4 (M.D. Pa. Sept. 9, 2016); Young*, 2007 WL 675182, at *2. Plaintiff would certainly bear a high evidentiary burden if he decided to seek punitive damages, but this is the very purpose of discovery. Discovery would be necessary to determine whether the defendant's actions rose to the level of outrageous conduct warranting punitive damages. Whether the plaintiff would be able to make the evidentiary showing is an issue that this court need not address now. Thus, even if the plaintiff had sought punitive damages in his complaint, the allegations would be sufficient to survive a motion to dismiss as dismissal at this early stage would be premature. *See id.* Accordingly, the defendant's motion is denied.

The only remaining matter is the plaintiff's motion to stay proceedings. The plaintiff's motion to stay was filed in light of the various motions pending before the court. Having decided those motions, the plaintiff's motion to stay is now moot.

## III.    CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand, (Doc. 9), is **DENIED** and the defendant is **GRANTED LEAVE** to amend her notice of removal, (Doc 1). The plaintiff's motion to rescind and reconsider its August 5, 2016 Order, (Doc. 8), is **GRANTED IN PART** and **DENIED IN PART**. The courts August 5, 2016, Order will be **VACATED** and **SUBSTITUTED** with the order accompanying this memorandum. The plaintiff's request to strike the defendant's motion to dismiss as untimely is **DENIED**. The defendant's motion to dismiss, (Doc. 6), is also **DENIED**. Finally, the plaintiff's motion to stay proceedings, (Doc. 11), is **DENIED** as moot. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 5, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1567-01.wpd